IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEVIN L. BURROWS,<br>　　　　Plaintiff<br><br>　　vs.<br><br>JEFFREY BEARD, et al.,<br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) C.A. No. 09-314 Erie<br><br>District Judge McLaughlin<br>Magistrate Judge Baxter |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.   REPORT**

It is respectfully recommended that this action be dismissed as legally frivolous in accordance with 28 U.S.C. §1915(e).

**II.   RECOMMENDATION**

**A.   Relevant Procedural History**

Plaintiff Kevin L. Burrows, presently incarcerated at the State Correctional Institution at Albion, Pennsylvania, brings this action *pro se* pursuant to 42 U.S.C. § 1983. Named as Defendants are numerous state and municipal employees, including Jeffrey Beard, Secretary of the Pennsylvania Department of Corrections. Plaintiff alleges that he was wrongly convicted based upon "contaminated evidence" that was obtained pursuant to an illegal search, and seized without due process, in violation of his constitutional rights. In particular, Plaintiff alleges that a search was conducted without a proper search warrant on November 23, 2007, and that he "was not informed at the time of taking property" of the accusation against him. (Complaint at pp. 2-3). As relief, Plaintiff seeks compensatory and punitive damages, and release from custody. (Complaint at p. 4).

Plaintiff filed a motion to proceed *in forma pauperis* on January 8, 2010, which was unaccompanied by a certified inmate account statement. [Document # 4]. As a result, this Court issued an Order requiring Plaintiff to submit the required account statement by February 1, 2010.

[Document # 7]. Plaintiff subsequently filed a second motion to proceed *in forma pauperis* with an attached account statement, which remains pending before this Court. [Document # 8].

### B.      Standards of Review
#### 1.      PLRA

The Prison Litigation Reform Act (hereinafter, "PLRA"), Pub.L.No. 104-134, was enacted to amend 28 U.S.C. §1915, which establishes the criteria for allowing an action to proceed without payment of costs. Section 1915(e), as amended, states in relevant part: "[t]he court shall dismiss the case at any time if the court determines that -- ...(B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted...." A claim is frivolous if it: 1) is based upon an indisputably meritless legal theory and/or, 2) contains factual contentions that are clearly baseless. Neitzke v. Williams, 490 U.S. 319, 327 (1989). A plaintiff has failed to allege a viable claim if the court is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the allegation." Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41 (1957). This Court has discretion to dismiss frivolous or malicious in forma pauperis complaints under 28 U.S.C. § 1915(e). Wilson v. Rackmill, 878 fd 772, 774 (3d Cir. 1989). The U.S. Supreme Court has instructed that section 1915(e) provides the Court with the authority "... to dismiss a claim based on an indisputably meritless theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). In fact, the statute not only empowers the Court to screen out frivolous cases before the complaint is served, it actually encourages it. Roman v. Jeffes, 904 F.2d 192, 195-96 (3d Cir. 1990).

#### 2.      *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" Haines v. Kerner, 404 U.S. 519, 520-521(1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail,

2

it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

### C.	Discussion

Succinctly stated, Plaintiff claims that he has been falsely imprisoned as a result of an improper conviction and, thus, he is entitled to receive monetary damages and release from custody. In order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). "A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983." 512 U.S. at 487 (emphasis in the original).

Plaintiff's complaint clearly implicates the validity of his conviction; yet, Plaintiff has made no showing that the conviction has been declared invalid. Therefore, Plaintiff's claims for monetary damages against the Defendants should be dismissed.

Moreover, under the Rooker-Feldman Doctrine,[1] federal courts are prohibited "from exercising 'subject matter jurisdiction to review final adjudications of a state's highest court or to evaluate constitutional claims that are inextricably intertwined with the state court's [decision] in a judicial proceeding.'" Ernst v. Child and Youth Services of Chester County, 108 F.3d 486, 491 (3d Cir. 1997), cert. denied, 522 U.S. 850, 118 S.Ct. 139 (1997)(quoting FOCUS v. Allegheny County Court of Common Pleas, 75 F.3d 834, 840 (3d Cir. 1996))(internal citations omitted).  For the Rooker-Feldman Doctrine to be applicable here this Court must either "determine that the state court judgment was erroneously entered" or "take action that would render that judgment ineffectual" in order to grant Plaintiff the relief he requests.  Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16, 44 S.Ct. 149, 150 (1923).

Plaintiff claims that his constitutional rights were violated during a suppression hearing that was conducted by the trial court on July 1, 2008.  Plaintiff is essentially asking this Court to conduct a *de novo* review of all state court proceedings related to his conviction and sentence in an effort to have the state court judgment vacated.  In order to grant such relief, a determination that the state court judgment was erroneous must occur, and in particular, such relief would render the state court decision "ineffectual."  This he cannot do under the guise of a civil rights claim.

Finally, to the extent Plaintiff's Complaint may be construed as a petition for writ of *habeas corpus,* it must be dismissed because Plaintiff has failed to exhaust his state court remedies, and his claims are barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1).

### III.   CONCLUSION

For the foregoing reasons, it is respectfully recommended that this action be dismissed as legally frivolous in accordance with 28 U.S.C. § 1915(e).

---

[1] This doctrine arises out of the decisions in Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 149 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S.Ct. 1303 (1983).

In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Fed.R.Civ.P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of some appellate rights. See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: January 22, 2010

cc:   The Honorable Sean J. McLaughlin
      United States District Judge